UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amanda B. Rohrs,                              Case No. 3:14-cv-01349

        Plaintiff

v.                                             MEMORANDUM
                                               OPINION & ORDER

Commissioner of Social Security,

        Defendant

## I. INTRODUCTION AND BACKGROUND

Plaintiff Amanda Rohrs appeals the decision of an Administrative Law Judge ("ALJ") denying her application for supplemental security income. Following a referral pursuant to Local Rule 72.2(b)(1), Magistrate Judge James R. Knepp issued a report and recommendation, recommending I affirm the ALJ's decision and dismiss Rohrs's complaint. (Doc. No. 18). Rohrs filed objections to Magistrate Judge Knepp's report and recommendation. (Doc. No. 19). For the reasons stated below, I overrule Rohrs's objections, adopt the report and recommendation, and affirm the Commissioner's decision.

I adopt Magistrate Judge Knepp's description of the procedural and factual background of this case and incorporate that portion of the report and recommendation. (Doc. No. 18 at 1-12).

## II. STANDARD

An individual who applies for Social Security benefits may seek judicial review of a final decision of the Commissioner. 42 U.S.C. § 405(g). A district court must affirm the Commissioner's decision unless the court concludes the Commissioner did not apply the correct legal standard or

made findings of fact which are not supported by substantial evidence. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence means "relevant evidence [which] a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec. of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If substantial evidence exists to support the Commissioner's decision, that decision may not be overturned "if substantial evidence, or even a preponderance of the evidence, supports the claimant's position." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

After a report and recommendation has been issued, the district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A plaintiff waives her right to review of the remaining portions of a report and recommendation to which she did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

### III. ANALYSIS

Rohrs objects to the portion of the report and recommendation addressing the application of the treating-physician rule to the medical opinions of her treating physician, Dr. Jeffery Maludy. (Doc. No. 19 at 1). Rohrs contends the ALJ's refusal to accord controlling weight to Dr. Maludy's opinions violates the Social Security Regulations. Rohrs did not object to the portions of the Report and Recommendation addressing the weight given to the opinions of Dr. Grubbs and the consultative and state agency examiners or the ALJ's Step Five analysis. Accordingly, she has waived her right to review of those issues.

In considering an application for supplemental security income, the Social Security Administration ("SSA") must evaluate every medical opinion it receives. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). The SSA places medical sources into three categories: (1) nonexamining sources; (2) nontreating, but examining, sources; and (3) treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Treating sources are given the greatest amount of deference and

2

generally are to be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in [the] case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).  In deciding the amount of weight to give to a medical opinion, the SSA considers (1) the examining relationship; (2) the treatment relationship; (3) the supportability of the opinion in light of "all of the pertinent evidence"; (4) the consistency of the opinion with the record as a whole; (5) the medical source's specialization, if any; and (6) other factors the claimant or others bring to the SSA's attention which tend to support or contradict the source's opinion.  20 C.F.R. § 404.1527(c)(1)-(6); 20 C.F.R. § 416.927(c)(1)-(6).

The SSA "will always give good reasons" for the weight given to a treating source's opinion. *See* 20 C.F.R. § 404.1527(c)(2); *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (The treating-source-opinion regulations "require only that the ALJ's decision include 'good reasons'" for the weight given to the treating source opinion, "not an exhaustive factor-by-factor analysis.") (quoting 20 C.F.R. § 404.1527(d)(2)[1]).  The treating-physician rule is designed to provide claimants with an understanding of the SSA's disposition of their applications and to permit "meaningful appellate review of the ALJ's application of the rule." *Rogers*, 486 F.3d at 242-43 (quoting *Wilson*, 378 F.3d at 544).  To provide good reasons for discounting a treating physician's opinion, the ALJ must identify the reasons for discounting the opinion and explain how those reasons affected the weight the ALJ assigned to the opinion. *Rogers*, 486 F.3d at 243.

The ALJ gave "very little weight to [Dr. Maludy's] opinions because they are not consistent with [Rohrs's] activities of daily living or the medical record as a whole." (Doc. No. 12 at 30).  As Rohrs contends, it is true that some of the limitations Dr. Maludy identified are consistent with Rohrs's description and the medical evidence of her impairments.  These include an inability to regularly "maintain attention and concentration for extended periods of time" and to "perform

---

[1] In 2012, the formatting of the regulations was amended; this citation refers to what now is 20 C.F.R. § 414.1527(c)(2).

3

activities within a schedule" due to Rohrs's need to change positions to maintain her blood pressure. (Doc. No. 12 at 30).

Dr. Maludy, however, also asserted Rohrs is subject to a dizzying array of other limitations, including an inability to (1) "remember locations and work-like procedures"; (2) "understand and remember very short, simple instructions"; (3) "understand and remember detailed instructions"; (4) "carry out very short and simple instructions"; (5) "carry out detailed instructions"; (6) "work in coordination with or proximity to others without being distracted by them"; (7) "make simple work-related decisions"; (8) "complete a normal workday and workweek without interruptions from <u>psychological based</u> symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"; (9) "interact appropriately with the general public"; (10) "ask simple questions or request assistance"; and (11) "be aware of normal hazards and take appropriate precautions." (Doc. No. 12 at 29-30) (emphasis added). While Rohrs tries to redeem Dr. Maludy's opinion by arguing "[h]is mental restrictions were as much a function of her inability to plan her days because of the refractory nature of her condition as they were of mental instability," these dramatic restrictions are not supported by any record evidence. (Doc. No. 19 at 4).

Moreover, though the ALJ concluded Dr. Maludy's opinions "appear to be based on [Rohrs's] subjective complaints, and not on objective test results or clinical findings," Rohrs's testimony during the hearing before the ALJ did not purport to raise even these types of restrictions. (Doc. No. 12 at 30). For example, Rohrs is able to do Sudoku puzzles and to draw. (Doc. No. 12 at 59). While Rohrs testified she only could perform these activities for an average of 15 minutes, she attributed this time limitation to the reoccurrence of symptoms related to her impairments, and not to any underlying mental limitation. (Doc. No. 12 at 54, 60). An ALJ is entitled to discredit a treating physician's opinion as long as the ALJ sets forth a reasoned basis. *Jones*, 336 F.3d at 477. The hearing decision evinces a thorough review of the medical evidence and fulfills the good-reasons procedural requirement. *Rogers*, 486 F.3d at 243.

4

The record shows improvement in Rohrs's symptoms and activities, even though some limitations remain. (Doc. No. 12 at 26-29). While the ALJ should not have speculated about the presence of allegedly-improper motives Dr. Maludy may have had for offering the limitations listed in his opinion letter, the ALJ's decision did not depend on this speculation and there is substantial evidence to support the ALJ's decision. *See Rogers*, 486 F.3d at 247 (An ALJ may not rely "solely upon an 'intangible or intuitive notion about an individual's credibility.'") (quoting Soc. Sec. Rul. 96-7p).

### IV. CONCLUSION

For the reasons stated above, I overrule Rohrs's objections, adopt the Magistrate Judge's report and recommendation, and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge